**FALGOUST v. INNESS.**

No. 14996.

Court of Appeal of Louisiana. Orleans.

Oct. 7, 1935.

Arthur B. Leopold, of New Orleans, for appellant.

Sigur Martin, of Lutcher and Chas. T. Wortham, of Donaldsonville, for appellee.

WESTERFIELD, Judge.

Plaintiff is the owner of a tract of land in the Vacherie Settlement, St. James parish, La. On September 1, 1932, she gave John William Inness, who was married to her adopted daughter, permission to erect a building for the purpose of operating a garage and filling station on a part of her land adjacent to the public road. Inness constructed a garage and operated it until the 12th day of June, 1933, when she caused written notice to vacate to be served upon him through her attorney. Inness refused to comply with her demand, and this suit was instituted on September 2, 1933, for the purpose of compelling him to vacate the property and remove all buildings which he had erected thereon, and for the sum of $10 per month as rental beginning June 12, 1933, the date on which the notice to vacate was served and continuing as long as plaintiff occupies the property and fails to remove the buildings.

After interposing exceptions of vagueness and of no right or cause of action, which were overruled, the defendant answered admitting practically all the allegations of the plaintiff's petition and averring that he had been given a verbal permission

to occupy the land for a period of five years. He reconvened and claimed the sum of $1,823.58 as the cost of the building which he had constructed, the stock which he had on hand, the profits which he expected to earn, and the enhanced value of the plaintiff's land resulting from the improvements which he had erected thereon.

There was judgment below in favor of plaintiff on the main demand ordering the defendant to vacate the property within forty days, and, in the event of his default or neglect to do so, the sheriff for the parish of St. James was ordered to demolish the buildings erected by defendant. Plaintiff's claim for rent was rejected as was defendant's reconventional demand. From this judgment, defendant has appealed.

It is suggested in brief and in argument that plaintiff's reason for her desire to evict the defendant grows out of the fact that the marital relations between defendant and plaintiff's foster daughter were unpleasant, and it has been proven that two days before the institution of this suit his wife, plaintiff's adopted daughter, instituted proceedings against him for separation from bed and board. The explanation of the reason for the litigation seems to us plausible, but immaterial, the important consideration being her legal right to dispossess defendant.

In so far as the main demand is concerned, the only disputed question of fact relates to the character of the oral permission given by plaintiff to defendant to erect a building on plaintiff's property—plaintiff claiming that it was indefinite, and defendant that it was for a definite period of five years, and on this point plaintiff must prevail because of the defendant's failure to establish his claim concerning the five-year term.

█ The contention of the defendant is that he is a possessor in good faith, and that, under the appropriate provisions of the Civil Code, he cannot be dispossessed without reimbursement of the value of the materials and workmanship used in the improvements placed upon the property.

Article 3453 of the Revised Civil Code reads as follows:

"The rights, which are peculiar to the possessor in good faith, are:

"1. The right which such a possessor has to gather for his benefit the fruits of the thing, until it is claimed by the owner, without being bound to account for them, except from the time of the claim for restitution.

"2. The right which such a possessor has, in case of eviction from the thing reclaimed, to retain it until he is reimbursed the expenses he may have incurred on it."

Article 3451 of the Revised Civil Code reads:

"The possessor in good faith is he who has just reason to believe himself the master of the thing which he possesses, although he may not be in fact, as happens to him who buys a thing which he supposes to belong to the person selling it to him, but which, in fact, belongs to another."

Article 3436 of the Revised Civil Code reads:

"To be able to acquire possession of property, two distinct things are requisite:

"1. The intention of possessing as owner.

"2. The corporeal possession of the thing."

It is apparent from a consideration of the articles we have quoted, that the defendant is not a possessor in good faith, and, in fact, not a possessor at all, in the sense of the articles of the Code, because he does not possess as owner, and whatever may be the status of his claim, it involves the recognition of the ownership and legal possession of the plaintiff through whom he holds.

█ The best that can be said for the defendant is that he had been given the right to erect his garage building on the plaintiff's property and to keep it there for a reasonable period of time. Before this judgment can become final he will have been in possession for more than three years, a period which we consider reasonable.

The claim for rent was properly rejected below. The reconventional demand will be dismissed.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.